UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BETH KINGSBURY, an individual, JILL KOENIG, an individual, and SAVANNAH WILLIAMS, an individual, individually (Counts I-XI) and on behalf of all other similarly situated Plaintiffs (Counts X-XI),<br><br>Plaintiffs,<br><br>v.<br><br>ALLISON CLARK, an individual, KEEGAN KOK, an individual, MATTIA NANFRIA, an individual, EMMA FINE, an individual, LAMONT CAMPBELL, SR., an individual, DAVID TODD a/k/a David Todd Perelmutter, an individual, CHRISTOPHER WOJNAR, an individual, MICHAEL ELROD, an individual, and LYFT, INC., a Delaware Corporation,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANT LYFT'S NOTICE OF REMOVAL**<br><br>REMOVED FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, COUNTY DEPARTMENT, CHANCERY DIVISION CASE NO. 2017-CH-1825 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Lyft, Inc. ("Lyft"), with the consent of individual defendants Allison Clark, Keegan Kok, Emma Fine, David Todd, and Christopher Wojnar[1] (collectively, "Defendants") hereby files this Notice of Removal and thereby removes to this Court an action which is pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2017-CH-1825. Removal is proper under 28 U.S.C. §§ 1331 & 1441 because the causes of action that this case purports to assert arise under the

---

[1] Three of the named Individual Defendants—Mattia Nanfria, Lamont Campbell, Sr., and Michael Elrod—have not yet been served. It is expected that they will consent to removal in the event that service occurs.

federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, a federal statute, thereby giving rise to federal question jurisdiction. In support of its Notice of Removal, Lyft states as follows:

**Background**

1. On or about February 6, 2017, Plaintiffs Beth Kingsbury, Jill Koenig, and Savannah Williams commenced this action in the Circuit Court of Cook County, Illinois, County Department, Law Division, where it was assigned case number 2017-CH-1825.

2. Lyft was served with the Summons and Complaint on February 22, 2017.

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of Plaintiffs' Summons and Complaint, as well as all exhibits thereto, which constitute "all summons, pleadings, and orders" served upon Lyft in the state court action, are attached hereto as Exhibit A. Attached as Exhibit B are the Appearance of Michael Warner and Patrick DePoy on behalf of the individual defendants, the individual defendants' Agreed Motion for Extension of Time to Answer Plaintiff's Complaint, and the Circuit Court order granting that motion extending the individual defendants' time to file their responsive pleading to April 25, 2017.

4. All properly joined and served defendants unambiguously consent to and join in the removal. *See* 28 U.S.C. § 1446(b)(2)(A). The Individual Defendants' Consent to Removal is attached hereto as Exhibit C.

5. Plaintiffs allege that Lyft failed "to pay Plaintiffs wages, including overtime wages for time worked in excess of 40 hours per week" in violation of the Fair Labor Standards Act ("FLSA"). (Exhibit A; Compl. ¶¶ 140–49.)

6. As of the date and time of the filing of this Notice of Removal, no motion is pending, no hearings have been set, and trial has not been scheduled in the State Court Action.

## Jurisdiction and Venue

7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. Lyft may remove this action because Plaintiffs' claims arise under the FLSA, which is a federal statute and presents federal questions. Therefore, this Court has federal question jurisdiction under 28 U.S.C. § 1331.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 93(a)(1), 1441(a), & 1446(a), because the Circuit Court of Cook County, Illinois, where the State Court Action was filed and has been pending prior to removal, is a state court within this federal district and division.

11. Because the Court has original jurisdiction over Plaintiffs' FLSA claims, the Court may exercise supplemental jurisdiction over Plaintiffs' remaining claims, which are part of the same case or controversy. *See* 28 U.S.C. § 1367(a). Plaintiffs' claims do not raise novel or complex issues of state law, are based on many of the facts crucial to resolution of their FLSA claims, and do not predominate over the claims falling within this Court's original jurisdiction. *See* 28 U.S.C. § 1367(c).

### Consent

12. Pursuant to 28 U.S.C. § 1446(b)(2), all properly joined and served defendants have consented to removal. *See* Ex. C.

### Timely Removal

13. Lyft filed this Notice of Removal within thirty (30) days of being served with the Complaint. Removal is thus timely under 28 U.S.C. § 1446(b). *See Seabright Ins. Co. v. JLG Indus.*, No. 11 C 2424, 2011 U.S. Dist. LEXIS 65133, *5 (N.D. Ill. June 20, 2011).

### Service

14. A copy of this Notice of Removal is being served contemporaneously on Plaintiffs through their counsel, and filed with the Clerk of Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

15. By filing this Notice of Removal, Lyft does not waive any defenses that may be available to it and reserves all such defenses. If any question arises as to the propriety of the removal of the State Court Action to this Court, Lyft requests the opportunity to present additional evidence and briefing to demonstrate that this case has been properly removed.

### Conclusion

WHEREFORE, Defendant Lyft submits that this action properly is removable based on federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for the Northern District of Illinois, Eastern Division. Defendant also requests all other relief, at law or in equity, to which it justly is entitled. Filed concurrently with the notice of removal is Lyft's Unopposed Motion to Extend its Deadline to Answer or Otherwise Plead Until April 25th, to which Plaintiffs' counsel has agreed.

DATED:  March 24, 2017					Respectfully submitted,


							__s/ Thomas Horan_____
							Noah A. Finkel
							Kyle Petersen
							Thomas Horan
							Seyfarth Shaw LLP
							233 S. Wacker Drive, Suite 8000
							Chicago, IL 60606-6448
							(312) 460-5000 - Telephone
							(312) 460-7000 – Facsimile
							nfinkel@seyfarth.com
							kpetersen@seyfarth.com
							thoran@seyfarth.com

							*Counsel for Defendant Lyft, Inc.*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused a copy of the foregoing NOTICE OF REMOVAL to be served upon all counsel via U.S. Mail and e-mail on this 24th day of March 2017:

>L. Stephen Platt
>Christine R. Frymire
>Robbins, Salomon & Patt, Ltd.
>180 N. LaSalle St., Suite 3300
>Chicago, IL 60601
>
>Michael A. Warner, Jr.
>Patrick M. DePoy
>Franczek Radelet P.C.
>300 S. Wacker Drive Suite 3400
>Chicago, IL 60606

                                                s/ Thomas Horan