# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BETH KINGSBURY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 17 C 2272 |
| | ) |
| LYFT, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Lyft Inc.'s (Lyft) motion to dismiss and compel arbitration and on Individual Defendants' motion to dismiss. For the reasons stated below, Lyft's motion to dismiss and compel arbitration is granted, and Individual Defendants' motion to dismiss is denied.

## BACKGROUND

Plaintiffs were allegedly employed as drivers by Lyft. According to Plaintiffs, they were top-rated drivers and were allowed to participate in Lyft's Ambassador Program. Plaintiffs contend that at some point in 2016 a certain group of other Lyft drivers (Individual Defendants) entered into a conspiracy to harass and intimidate Plaintiffs. Individual Defendants allegedly sought to interfere with Plaintiffs' work

and ability to earn a living.  Plaintiffs contend that they began to encounter more and more Lyft drivers on the street.  Individual Defendants then allegedly began engaging in overt threatening conduct.  The Individual Defendants allegedly would approach Plaintiffs' vehicles on foot in an intimidating and threatening manner and verbally harass Plaintiffs.  At other times, Individual Defendants allegedly would find out where Plaintiffs were located and would attempt to intercept Plaintiffs' customers and dissuade them from getting a ride from Plaintiffs.  At times Individual Defendants would allegedly show up at Plaintiffs' location and surround Plaintiffs' vehicles.  Plaintiffs contend that Individual Defendants also allegedly spread false rumors about Plaintiffs in an attempt to discredit them.

Plaintiffs contend that they reported the conduct of Individual Defendants to the police and that they complained to Lyft, but Lyft failed to prevent further harassment.  Lyft allegedly retaliated against Plaintiffs for filing a police report by causing Plaintiffs' electronic Lyft equipment to malfunction and by logging into Plaintiffs' Lyft accounts and manipulating data to reduce Plaintiffs' earnings.  Lyft also finally deactivated all of Plaintiffs' Lyft accounts.

Plaintiffs have included in their complaint breach of contract claims brought against Lyft (Count I), Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.* claims brought against Lyft (Count II), accounting claims brought against Lyft (Count III), tortious interference with prospective economic advantage claims brought against Lyft (Count IV), wrongful suspension/discharge claims brought against Lyft (Count V), defamation *per se* claims brought against all Defendants (Count VI), assault

claims brought against all Defendants (Count VII), conspiracy claims brought against all Defendants (Count VIII), claims brought against Individual Defendants under the Illinois Stalking Act, 740 ILCS 21/80 (Count IX), claims brought against Lyft under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (Count X), and claims alleging violations of the Illinois Wage Payment Collection Act, (820 ILCS 115/1 *et seq.* (Count XI). Lyft now moves to dismiss and compel arbitration and Individual Defendants now move to dismiss this action.

**LEGAL STANDARD**

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, provides "that a written provision in any contract evidencing an intent to settle by arbitration any future controversy arising out of such contract shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *French v. Wachovia Bank*, 574 F.3d 830, 834 (7th Cir. 2009)(internal quotations omitted)(quoting *Livingston v. Assocs. Fin., Inc.,* 339 F.3d 553, 556 (7th Cir. 2003) and 9 U.S.C. § 2). A court "will compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Service Workers Intern. Union v. TriMas Corp.*, 531 F.3d 531, 536 (7th Cir. 2008)(internal quotations omitted)(quoting *United Steelworkers of America v. Warrior & Gulf*, 363 U.S. 574, 582-83 (1960)). When an arbitration agreement contains a broad arbitration provision, "there is a

presumption in favor of arbitrability," and "[a]ny ambiguities as to the scope of the arbitration clause are resolved in favor of arbitration." *Id.* (internal quotations omitted)(quoting *AT& T Techs., Inc. v. Communc'ns Workers of America*, 475 U.S. 643, 650 (1986) and *Volt Info. Sci., Inc. v. Board of Trs. of Leland Stanford, Jr. Univ.*, 489 U.S. 468, 475-76 (1989)); *see also Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Intern., Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993)(stating that the Court should "[b]ear[] in mind the Supreme Court's instruction that 'any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration'")(quoting in part *Moses H. Cone Mem. Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1985)).

## DISCUSSION

I. Agreement to Arbitrate

Lyft argues that Plaintiffs agreed to arbitrate disputes such as those presented in the instant action. According to Lyft, Plaintiffs first consented to the Lyft User Terms (User Terms) by downloading and using the Lyft App. In addition, Lyft contends that when Plaintiffs became Lyft Ambassadors they agreed to the Ambassador Terms. Plaintiffs do not dispute that they agreed to the User Terms or the Ambassador Terms. Lyft has produced evidence showing that Plaintiff Beth Kingsbury and Plaintiff Jill Koenig most recently accepted a version of the User Terms in 2014. Those User Terms specified in part the following: "You and We agree that any legal disputes or claims arising out of or related to the Agreement. . .

4

that cannot be resolved informally shall be submitted to binding arbitration. . . ." (2014 User Terms). Plaintiff Savannah Williams agreed to a later version which provided in part the following: "ALL DISPUTES AND CLAIMS BETWEEN US . . . SHALL BE EXCLUSIVELY RESOLVED BY BINDING ARBITRATION SOLELY BETWEEN YOU AND LYFT. . . ." (2016 User Terms). The record also shows that Plaintiffs agreed to the Ambassador Terms, which provided in part the following: "You and we agree that any legal disputes or claims arising out of or related to the Agreement . . . that cannot be resolved informally shall be submitted to binding arbitration . . . ." (Amb Terms). Thus, it is undisputed that on multiple occasions Plaintiffs agreed to broad arbitration clauses. The claims brought by Plaintiffs in the instant action fall squarely within the scope of those arbitration clauses.

II. Independent Contractors

Plaintiffs argue that although they may have agreed to the arbitration clauses, such clauses are unenforceable. Plaintiffs contend that they were employees of Lyft and that such clauses cannot be enforced. In support of their position, Plaintiffs cite *Lewis v. Epic Sys. Corp.*, 823 F.3d 1147 (7th Cir. 2016). In *Lewis*, the Seventh Circuit held that an arbitration clause that required individual employees to waive their rights to pursue class and collective claims relating to employment matters violated the National Labor Relations Act (NLRA). *Id.* at 1154-55. Lyft in moving to compel arbitration contends that Plaintiffs were independent contractors and thus

5

do not fall within the holding of *Lewis*. *Ali v. Vehi-Ship, LLC*, 2017 WL 5890876, at *5 (N.D. Ill. 2017). Although Plaintiffs contend that they were employees of Lyft, that is an argument that can be made in the arbitration proceedings that Plaintiffs agreed to pursue. *Ali*, 2017 WL 5890876, at *5 (indicating that if the dispute falls within the scope of the arbitration clause the independent contractor determination could be made by the arbitrator); *Olivares v. Uber Techs., Inc.*, 2017 WL 3008278, at *3 (N.D. Ill. 2017)(finding that independent contractor determination and whether waiver violated the NLRA should be determined by the arbitrator). *Lewis* does not prevent Lyft from enforcing the arbitration provisions in this action. Plaintiffs thus must proceed in arbitration to pursue their claims.

III. Dismissal or Stay

Plaintiffs argue that even if arbitration is warranted there is no reason to dismiss the instant action. Although a court has discretion to stay an action pending the resolution of the arbitration proceedings, a court is not prohibited from dismissing an action. In order to prevent this case from stagnating on the court docket, the instant action is dismissed with leave to reinstate after the conclusion of the arbitration proceedings. Therefore, Lyft's motion to compel arbitration and dismiss is granted. Individual Defendants' motion to dismiss is denied.

**CONCLUSION**

Based on the foregoing analysis, Lyft's motion to compel arbitration and

dismiss is granted. Individual Defendant's motion to dismiss is denied.

_____

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 15, 2018